UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

T.N.

VERSUS                                                                      3:25-cv-00566

ELIJAH CHRISTOPHER, KRISTY
SCOTT, AND SID GAUTREAUX IN HIS
OFFICIAL CAPACITY AS SHERIFF OF
EAST BATON ROUGE PARISH,
LOUISIANA

COMPLAINT FOR DAMAGES
UNDER 42 USC 1983 AND RELATED STATE LAW CLAIMS

INTRODUCTION

This is a federal action for civil rights violation under 42 USC 1983 against sheriff's deputies Christopher and Scott acting as guards at the parish jail with the East Baton Rouge Sheriff's office in East Baton Rouge parish, Louisiana, and Sheriff Gautreaux, through vicarious liability for state law claims under La. CC 2315. Jurisdiction attaches through Federal Question jurisdiction. State law claims attach through supplemental jurisdiction. Venue is proper as all acts occurred within the Middle District of Louisiana. On information and belief, defendants Christopher and Scott are residents of the state of Louisiana, and on information and belief, domiciled in East Baton Rouge Parish. Plaintiff T.N. is also domiciled in East Baton Rouge Parish, Louisiana.

MADE DEFENDANTS ARE:

-**Elijah Christopher**, a deputy in the employ of Sheriff Sid Gautreaux, working under color of law as a guard at the EBR parish jail; who at all times was in the course and scope of his employment as a law enforcement officer.

1

-**Kristy Scott,** a deputy in the employ of Sheriff Sid Gautreaux, working under color of law as a guard at the EBR parish jail, who at all times was in the course and scope of her employment as a law enforcement officer.

- **Sid Gautreaux**, in his capacity as Sheriff of East Baton Rouge parish, who was the employer of Christopher and Scott and vicariously liable for their state law delicts.

## FACTUAL ALLEGATIONS

1.

T.N. is a pseudonym for the plaintiff, whose identity is protected as a victim of sexual violence. Her name is known to Sheriff Gautreaux and his attorneys. She is a pretrial detainee awaiting trial in East Baton Rouge. During all relevant times she was housed in the women's wing of the parish jail at East Baton Rouge Parish under Sheriff Sid Gautreaux. Plaintiff had been arrested on May 21, 2024.

## CORPORAL KRISTY SCOTT: THE PIMP

2.

About June 10th, 2024, Defendant Cpl. Kristy Scott approached plaintiff and told her that someone was interested in her. Plaintiff had been wanting to stay outdoors longer, and Scott allowed her to cut a large swath of grass so that she could enjoy "outside time" in the springtime weather. Scott took advantage of this knowledge to set T.N. up on a "date". Scott told her that someone liked her, but she couldn't say who.

## ELIJAH CHRISTOPHER: THE RAPIST

3.

The next week, around June 17th, 2024, Plaintiff was told to go to the library. There, she met Deputy Elijah Christopher, a guard that worked at the jail, who said he was sexually

interested in her and wanted a sexual relationship with the plaintiff. He told her he could help her in jail and make her life better. He told the plaintiff he could help her get out of jail. Scared to say no, she agreed.

4.

T.N. was afraid of making Christopher mad and retaliating against her; so, the two engaged in sexual relations in a classroom at the jail. Christopher made her take a shower afterwards. The next day, the plaintiff asked the nurse to bring her Plan B medication. The nurse asked no questions and gave her the pill. In late June, around June 29, 2024, the two had sex again.

5.

Around July 4, 2024, Christopher approached plaintiff and asked if she would sell drugs for him in the jail. He told her that he sold phones and drugs to the male inmates. T.N. refused the offer, and as often happened, Christopher would lose his temper and strike T.N., pull her hair, slap her and commit other batteries to her person. T.N. became afraid of what Christopher would do.

6.

Plaintiff had sex about twice with Christopher in July 2024.

7.

Plaintiff again had sex with Christopher about four times in August 2024.

**CPL R.**

8.

Later in the summer, Christopher came to her with a proposition, wanting her not only to have sex with him, but also another deputy named Corporal R. T.N. had become

3

disgusted and cut off all contact with Christopher thereafter, both for the offer and the fact that Christopher had promised to get T.N. out of jail if he slept with her, and he continued to string her along with no results. Cpl R. is not a defendant in this case since he did not attempt to rape T.N. personally, but proper investigation will on information and belief, undoubtedly lead to information about R's involvement in this rape ring.

9.

Defendant Scott operated as a pimp for the Christopher, and on information and belief, others, set up sexual liaisons with the guards on her shift and the female inmates. Scott knew that sex with inmates was illegal and yet willfully solicited for sex on behalf of the male guards at EBR parish jail, in violation of state and federal law. On information and belief, Christopher needed Scott to be working so he could sneak T.N. out of her cell after lights out so they could meet in the library, the classroom and once in the Corporal's office to have sex.

10.

Scott informed T.N. that Christopher had told the other male deputies that were having sex with the female inmates that T.N. was "his" and not to try to have sex with her, thus "marking his territory". This let T.N. know that other guards were doing the same thing as Christopher. She did not know who to trust. Proper investigation of this matter would have led to other male deputies who were having sex with pretrial detainees in violation of state criminal and federal criminal law.

## S.M.: THE WHISTLEBLOWER

11.

In around July 2024, an older inmate named S.M. saw plaintiff distraught and running from Christopher and talked to plaintiff and heard her story. T.N. did not know what to do and feared retaliation if she came forward. In October, S.M. later wrote a letter through the prison kiosk to Warden Cathy Fontenot and informed her about the rapes.

## CPT MAJOR: THE INVESTIGATOR

12.

On October 9, 2024, a captain who worked at the jail, Earnest Major, came and interviewed plaintiff. He told T.N. that they believed her because they had videos of T.N. being let out of her cell after "lights out", which could only be done by deputies. There was no legitimate reason to let an inmate out of her cell after lights out unless a deputy wanted to be alone with her. Major told T.N. that she would be transferred to Livingston Parish for her own safety. Cpt. Major referred the case to the Special Investigation Division of the EBRSO for investigation of Christopher's sexual misconduct. During the investigation, detectives found videos of Christopher beating handcuffed inmates at the jail. On October 10, 2024, EBRSO applied for an arrest warrant for Malfeasance in Office for the beatings, but not the sexual assaults.  On information and belief, they also found evidence of T.N.'s allegations. Christopher was arrested for beating the inmates and also possession of marijuana after a search of his home revealed he had about three ounces of marijuana. This occurred about October 18, 2024.  Christopher will be shown to be a sadist who exploited his authority to abuse the prisoners under his custody. After the DNA swabs

were taken, T.N. has never again been interviewed by any law enforcement regarding the rapes.

13.

On October 10, 2024, Warden Fontenot transferred plaintiff to Livingston Parish jail to protect her from retaliation from the guards at EBR jail. T.N. has had to get medications for the emotional trauma and has chronic trouble sleeping. This will be documented by the Livingston Parish Jail Infirmary. In November and December 2024, EBRSO forensic deputies came to get a DNA sample from T.N. This shows that the EBRSO investigated the sex crimes and had DNA to compare. But, on information and belief, the investigation ended without an arrest.

14.

On information and belief, to date, none of these deputies have been arrested or prosecuted for these rapes or for malfeasance in office related to these rapes. A review of the East Baton Rouge Clerk of Court's criminal records shows none of these deputies were arrested for sexual assaults on prisoners, nor was an arrest warrant requested by EBRSO. T.N. was never called to testify to a Grand Jury.

15.

Clearly, there is probable cause:

1. T.N.'s statement, S.M.'s statement,
2. S.M.'s letter to the warden,
3. video of T.N. being let out of her cell after lights out, and
4. video of Christopher abusing other inmates during the time frame of the rapes.

Despite this obvious probable cause, there is no evidence that the EBRSO sought an arrest warrant against Christopher or Scott for these rapes.

16.

It begs the question: EBRSO has been "investigating" since October 2024. No arrests have been made. Why not? A cynical mind would suspect a coverup to avoid embarrassment and public anger over the hiring of criminals to guard prisoners at the jail under Sheriff Gautreaux.

17.

Louisiana law prohibits guards from having sex with inmates. LRS 14:134.1 reads as follows:

> A. It shall be unlawful and constitute malfeasance in office for any of the following persons to engage in sexual intercourse or any other sexual conduct with a person who is under their supervision and who is confined in a prison, jail, work release facility, or correctional institution, or under the supervision of the division of probation and parole, or who is detained or arrested:
> (1) A law enforcement officer.
> (2) An officer, employee, contract worker, or volunteer of the Department of Public Safety and Corrections or any prison, jail, work release facility, or correctional institution.
> B. Whoever violates a provision of this Section shall be fined not more than ten thousand dollars or imprisoned at hard labor for not more than ten years, or both.
> C. For purposes of this Section, "law enforcement officer" shall include commissioned police officers, sheriffs, deputy sheriffs, marshals, deputy marshals, correctional officers, constables, wildlife enforcement agents, state park wardens, and probation and parole officers.

18.

All defendants herein are considered law enforcement officers within the meaning of the statute.

19.

The Supreme Court has said that rape in prison violates the Constitution:

Rape or other violence among prison inmates serves absolutely no penological purpose. See *Rhodes* v. *Chapman*, 452 U.S. 337, 345-346, 69 L. Ed. 2d 59, 101 S. Ct. 2392 (1981), citing *Gregg* v. *Georgia*, 428 U.S. 153, 183, 49 L. Ed. 2d 859, 96 S. Ct. [**1987] 2909 (1976) (joint opinion) (the Eighth Amendment prohibits all punishment, physical and mental, which is "totally without penological justification"). "Such brutality is the equivalent of torture, and is offensive to any modern standard of human dignity." 444 U.S. 394, 423, 100 S. Ct. 624, 62 L. Ed. 2d 575 (1980) (BLACKMUN, J., dissenting). The horrors experienced by many young inmates, particularly those who, like petitioner, are convicted of nonviolent offenses, border on the unimaginable. Prison rape not only threatens the lives of those who fall prey to their aggressors but is potentially devastating to the human spirit. Shame, depression, and a shattering loss of self-esteem accompany the perpetual terror the victim thereafter must endure. See Note, Rape in Prison and AIDS: A Challenge for the Eighth Amendment Framework of *Wilson v. Seiter*, 44 Stan. L. Rev. 1541, 1545 (1992).

**CAUSE OF ACTION 1: VIOLATION OF FOURTH, FOURTEENTH AND EIGHTH AMENDMENT: CRUEL AND UNUSUAL PUNISHMENT**
**AGAINST ELIJAH CHRISTOPHER AND CORPORAL KRISTY SCOTT**

20.

The plaintiff incorporates all the facts pleaded, supra in this cause of action. Corporal Scott served as a principal to these sexual assaults by approaching plaintiff and arranging a sexual encounter between her and Elijah Christopher. Elijah Christopher, by virtue of his control over his prisoner, committed a rape of plaintiff eight times between June 2024 and August 2024 while T.N. was a pretrial detainee at the East Baton Rouge Parish Prison. This is in violation of the Fourth, Fourteenth and Eighth amendment of the United States Constitution, prohibiting cruel and unusual punishment on pretrial detainees.

21.

As a result of these rapes, the plaintiff suffered and continues to suffer mental and psychological damages and requests compensatory damages as proved at trial.

**CAUSE OF ACTION 2: BATTERY UNDER STATE LAW LA CC ART. 2315 AGAINST CHRISTOPHER AND SCOTT, AND VICARIOUS LIABILITY OF THE SHERIFF AS EMPLOYER**

22.

Defendant Corporal Scott acted as a principal to allow Defendant Christopher to commit multiple sexual batteries upon the Plaintiff T.N. As such, both are solidarily liable for the sexual assaults Chrisopher committed.

23.

Sheriff Sid Gautreaux, as employer of Scott and Christopher, is vicariously liable for the state law delicts of his servants committed while on duty at the jail under the theory of Respondiat Superior.

24.

All acts occurred in the Middle District of Louisiana. Accordingly, the venue is proper.

25.

Defendants Scott and Christopher acted with willful indifference to T.N.'s federally protected rights against cruel or unusual punishment. Accordingly, plaintiff requests punitive damages against Christopher, Scott, individually.

26.

Plaintiff demands trial by jury.

27.

Plaintiff demands reasonable attorney's fees and interest on attorney's fees.

28.

Further investigation may lead to more defendants who contributed to these acts, or who covered them up. The plaintiff reserves the right to amend his complaint for good cause, as the discovery will uncover more facts and defendants.

WHEREFORE, Plaintiff prays that after all defendants are served, and after all legal proceedings and hearings, the jury finds in favor of plaintiff and against all defendants, awarding compensatory and punitive damages as proved, attorney's fees, legal interest, interest on attorney's fees, and any other relief Justice demands.

Respectfully Submitted,

*/s/Joseph J. Long*
Joseph J. Long, LBN 25968
251 Florida Street, Ste. 308
Baton Rouge, LA 70801
(225) 343-7288
JOE@LEGAL225.COM